UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| CONNIE HARPER | } | Cause No. 3:19-CV-925-RGJ |
| Plaintiff, | } | |
| | } | |
| v. | } | |
| | } | |
| BAKER, BLOOMBERG & | } | JURY TRIAL DEMANDED |
| ASSOCIATES, LLC | } | |
| 20501 Katy Freeway, Ste 212 | } | |
| Houston, Texas 77450 | } | |
| | } | |
| **SERVE**: | } | |
| Kentucky Secretary of State | } | |
| 700 Capital Ave., Ste. 152 | } | |
| Frankfort, Kentucky 40601 | } | |
| | } | |
| -and- | } | |
| | } | |
| Cris W. Craft | } | |
| d/b/a The Law Offices of Cris W. Craft | } | |
| 20501 Katy Freeway, Suite 212 | } | |
| Houston, Texas 77450 | } | |
| | } | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*  \*\*\*

The Plaintiff, Connie Harper ("***Plaintiff***" or "***Ms. Harper***"), by counsel, files this Complaint

against Defendants, Baker, Bloomberg & Associates, Inc. ("BBA") and Cris W. Craft, d/b/a/

The Law Offices of Cris W. Craft ("Craft"), and states as follows:

## INTRODUCTION

1.    This is an action for actual and statutory damages brought by Plaintiff against the

Defendant for violation of Chapter 41, the Consumer Credit Protection Credit Act, of Title 15

(Commerce and Trade) of the United States Code, specifically, 15 U.S.C. § 1692 *et seq*., (known

as the "Fair Debt Collection Practices Act," hereafter the "***FDCPA***"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debt and in connection therewith.

## JURISDICTION AND VENUE

2.      Plaintiff a resident of Louisville, Jefferson County, Kentucky.

3.      Plaintiff is a "***consumer***" as that term is defined in the FDCPA with respect to the matters referred to herein.

4.      Defendant, Baker, Bloomberg & Associates, LLC ("BBA"), is a Texas limited liability company with an office at 20501 Katy Freeway, Ste 212, Houston, Texas, 77450.

5.      Defendant, Cris W. Craft d/b/a/ The Law Offices of Cris W. Craft, is an individual licensed to practice law in the state of Texas with an office at 20501 Katy Freeway, Suite 212, Houston, Texas 77450.

6.      At all pertinent times herein, in this judicial district, Defendants regularly used the mails to collect consumer debts owed or asserted to be owed or due another, and/or otherwise engaged in a business the primary purpose of which was the collection of consumer debt owed or due or asserted to be owed or due another.

7.      Defendants are "***debt collectors***" as said term is defined in the FDCPA and with respect to the matters cited herein.

8.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

9.     Venue in this District is proper because the Defendant transacts business in this District, Plaintiff was a resident of this District at all pertinent times herein, and the conduct complained of occurred here.

## FACTS

10.     On or about December 20, 2018, Defendant, BBA, sent a letter to Plaintiff via the mails wherein BBA sought to collect a debt in the amount of $4,258.51, on behalf of Metro Restoration Services, Inc., relating to the repair of Plaintiff's personal residence.

11.     The letter was the initial communication with the Plaintiff in connection with the collection of the debt.

12.     BBA did not provide in its initial communication or within five (5) days of the initial communication, the following information: (a) the name of the creditor to whom the debt is owed; (b) a statement that unless the Plaintiff, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by BBA; (c) a statement that if the Plaintiff notifies BBA in writing within the thirty-day period that the debt, or any portion thereof, is disputed, BBA will obtain verification of the debt or a copy of a judgment against the Plaintiff and a copy of such verification or judgment will be mailed to the Plaintiff by BBA; and (d) a statement that, upon the Plaintiff's written request within the thirty-day period, BBA will provide the consumer with the name and address of the original creditor, if different from the current creditor.

13.     In the letter, BBA stated, "if you are disputing any and all charges, kindly advise within 30 days and submit all supporting documentation in support of same."

14.    In the letter, BBA falsely implied that Plaintiff must submit documentation in order to dispute the validity of the debt.

15.    In the letter, BBA failed to inform Plaintiff that BBA is a debt collector.

16.    On or about December 27, 2018, Defendant, Craft, sent a letter to Plaintiff via the mails wherein Defendant sought to collect a debt in the amount of $4,258.51, on behalf of Metro Restoration Services, Inc. and BBA relating to the repair of Plaintiff's personal residence.

17.    The December 27, 2018 was Craft's initial communication with the Plaintiff in connection with the collection of the debt.

18.    Craft did not provide in its initial communication or within five (5) days of the initial communication, the following information: (a) the name of the creditor to whom the debt is owed; (b) a statement that unless the Plaintiff, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Craft; (c) a statement that if the Plaintiff notifies Craft in writing within the thirty-day period that the debt, or any portion thereof, is disputed, Craft will obtain verification of the debt or a copy of a judgment against the Plaintiff and a copy of such verification or judgment will be mailed to the Plaintiff by Craft; and (d) a statement that, upon the Plaintiff's written request within the thirty-day period, Craft will provide the consumer with the name and address of the original creditor, if different from the current creditor.

19.    In the letter, Craft stated that "our office has been retained by Baker, Bloomberg & Associates and its assignor, Metro Restoration Services, Inc., to collect the above referenced debt."

20.     In the letter, Craft stated that, "[i]f full payment is not received by my office by 1:00 p.m. on January 4, 2019, I have been instructed to obtain local counsel and proceed with suit against you."

21.     In the letter, Craft failed to inform Plaintiff that Craft is a debt collector.

22.     As a result of the Defendants' conduct, as herein alleged, Plaintiff has been damaged, entitling him to pursue a private cause of action against Defendants for actual and statutory damages, plus attorney's fees and costs.

## COUNT I
## VIOLATIONS OF 15 U.S.C. § 1692F

23.     In connection with the collection of the subject debt, Defendants used unfair or unconscionable means to collect or attempt to collect the subject debt, by, *inter alia,* seeking to collect amounts that were not authorized by agreement or permitted by law, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

24.     As a result of the violation, Plaintiff suffered actual damages, including confusion, inconvenience, emotional distress, embarrassment, humiliation, anxious, stress, and pecuniary loss, including expenses and postage.

25.     With respect to the additional damages that may be awarded pursuant to 15 U.S.C. § 1692k(a)(2)(A), Defendants' noncompliance with the FDCPA is intentional, frequent, widespread and affects a large number of persons perhaps numbering into the thousands, including but not limited to Plaintiff.

26.     Defendants' conduct as herein alleged entitles Plaintiff to relief against the Defendants in the form of an award of actual damages, statutory damages, plus attorney's fees and costs.

## COUNT II
## VIOLATIONS OF 15 U.S.C. § 1692E

27.     In connection with the collection of the subject debt, Defendants used false or misleading representations, in violation of 15 U.S.C. §1692e. To wit, in their letter, Defendants failed to disclose that they are debt collectors, in violation of 15 U.S.C. §1692e(11).

28.     In connection with the collection of the subject debt, Defendant, Craft, used false or misleading representations by making a threat to take action that was not intended to be taken, in violation of 15 U.S.C. §1692e. To wit, in his letter, Craft represented to Plaintiff that "if full payment is not received by my office by 1:00 p.m. on January 4, 2019, I have been instructed to obtain local counsel and proceed with a suit against you," in violation of 15 U.S.C. §1692e(5).

29.     In connection with the collection of the subject debt, Defendant, Craft, used false or misleading representations by creating a false sense of urgency, in violation of 15 U.S.C. §1692e. To wit, in his letter, Craft demanded payment from Plaintiff within eight (8) days after his initial communication and upon threat of legal action, in violation of 15 U.S.C. §1692e(10).

30.     As a result of the violation, Plaintiff suffered actual damages, including confusion, inconvenience, emotional distress, embarrassment, humiliation, anxious, stress, and pecuniary loss, including expenses and postage.

31.     With respect to the additional damages that may be awarded pursuant to 15 U.S.C. § 1692k(a)(2)(A), Defendant's noncompliance with the FDCPA is intentional, frequent, widespread and affects a large number of persons perhaps numbering into the thousands, including but not limited to Plaintiff.

32.    Defendants' conduct as herein alleged entitles Plaintiff to relief against the Defendants in the form of an award of actual damages, statutory damages, plus attorney's fees and costs.

## COUNT III
## VIOLATIONS OF 15 U.S.C. § 1692g

33.    In connection with the collection of the subject debt, Defendants failed to comply with 15 U.S.C. §1692g. To wit, Defendants failed to send the Plaintiff written notice of the debt with the required information either in the initial communication or within five (5) days after their initial communications, in violation of 15 U.S.C. §1692g(a).

34.    In connection with the collection of the subject debt, Defendant, BBA, caused two letters to be sent during the validation period, in violation of 15 U.S.C. §1692g(b).

35.    In connection with the collection of the subject debt, Defendants demanded payment upon the threat of litigation within a short time frame during the validation period, in violation of 15 U.S.C. §1692g.

36.    As a result of the violation, Plaintiff suffered actual damages, including confusion, inconvenience, emotional distress, embarrassment, humiliation, anxious, stress, and pecuniary loss, including expenses and postage.

37.    With respect to the additional damages that may be awarded pursuant to 15 U.S.C. § 1692k(a)(2)(A), Defendant's noncompliance with the FDCPA is intentional, frequent, widespread and affects a large number of persons perhaps numbering into the thousands, including but not limited to Plaintiff.

38.    Defendants' conduct as herein alleged entitles Plaintiff to relief against the Defendants in the form of an award of actual damages, statutory damages, plus attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Connie Harper, by counsel, request this Court to:

a.    Enter judgment against Defendants to compensate Plaintiff for her actual damages sustained as set forth in above Counts.

b.    Enter judgment against Defendants under the above Counts for any and all maximum statutory damages provided under applicable federal and state statute.

c.    Enter judgment against Defendants for punitive damages on the above Counts wherein an award of such damages is proper and appropriate.

d.    Conduct a trial by jury on all issues so triable.

e.    Enter an order temporarily and permanently enjoining Defendants, Inc. from future similar violations of the FDCPA.

f.    Enter an order awarding attorneys' fees and costs herein incurred against Defendants.

g.    Grant any and all other relief to which the Court deems appropriate.

Respectfully submitted,

TAYLOR COUCH PLLC

/s/ *Nina B. Couch*
_____
Nina B. Couch
Zachary L. Taylor
130 St. Matthews Ave., Suite 301

Louisville, Kentucky 40207
(502) 625-5000
ncouch@taylorcouchlaw.com
ztaylor@taylorcouchlaw.com